TOMAS E. MARGAIN, Bar No. 193555
HUY TRAN, Bar No. 288196
Justice at Work Law Group
84 West Santa Clara Street, Suite 790
San Jose, CA 95113
Telephone: (408) 317-1100
Facsimile: (408) 351-0105
Tomas@JAWLawGroup.com
Huy@JAWLawGroup.com

Attorneys for Plaintiff Edwin Garcia

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GARCIA;<br><br>PLAINTIFF,<br><br>V.<br><br>MOHAMMAD MORTAZAVI AND PINNACLE GROUP CORP,<br><br>Defendants. | Case No. **16-5913**<br><br>**COMPLAINT**<br><br>Federal FLSA Claim:<br>1. Failure To Pay Overtime And For All Hours Worked (29 U.S.C. §§ 207, 216(B), And 255(A));<br><br>California Supplemental State Claims:<br>2. Failure To Pay Overtime Wages And For All Hours Worked (Cal. Labor Code §§ 510, 1194, 1194.1 1197, 1771, 1776);<br>3. Failure To Provide An Itemized Wage Statement (Cal. Labor Code § 226);and<br>4. Restitution For Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |

**NATURE OF THE CASE**

1.    This is an action by Plaintiff EDWIN GARCIA who worked as a construction worker for Defendants MOHAMMAD MORTAZAVI AND PINNACLE GROUP CORP, who are real estate house flippers who buy, substantially remodel and sell high end residential homes in he Atherton area. Plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, wages stub penalties under

Labor Code §226 and attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b).

2. Defendant's policies and practices violate 29 U.S.C. § 216(b); California Industrial Welfare Commission ("IWC") Wage Orders; California Code of Regulations, Title 8, Chapter 5, § 11070; California Labor Code §§ 200, 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, and 1194.2; and California Business and Professions Code §§ 17200 *et seq.* (the "Unfair Business Practices Act"). These laws require, *inter alia*, that employees be paid at least minimum wage for all hours worked, be paid for overtime hours at the correct overtime rate, and that all hours worked by accurately reflected on a written, itemized statement.

3. Plaintiff's claims can be summarized as follows:

   a. <u>Failure to Pay Overtime Hours Worked at the Overtime Rate of Pay</u>: When Plaintiff worked more than 8 hours in a day or 40 hours in a week, Defendants did not pay him his wages at the overtime rate of pay. Instead, Defendants paid him for 8-hours or work at the regular rate. This included numerous weeks where Plaintiff worked Saturdays for at least 48 work hours and was paid Saturday at the regular rate of pay.

   b. <u>Failure to Provide an itemized wage statement</u>: Defendants knowingly and intentionally failed to provide Plaintiff with accurate itemized wage statements in writing showing all applicable amounts and rates of pay in effect during the pay period by the employee. By engaging in practices including, but not limited to: (a) intentionally misstating the amount of time Plaintiffs worked for Defendants; (b) intentionally failing to provide payment of a wage break premium for rest and meal breaks not taken by Plaintiff; and (c) intentionally failing to provide wage statements showing the proper rate of pay on Plaintiff's wage statements.

   c. Plaintiff seeks compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, as well as attorneys' fees, penalties, interest and costs for the above.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district. Specifically, Plaintiff primarily worked at Defendants business is located in Menlo Park, CA and the work occurred in Atherton, CA..

5. Subject matter jurisdiction of this action of this Court is based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the supplemental jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

**PARTIES TO THE ACTION**

6. Plaintiff EDWIN GARCIA was, and at all relevant times herein is, an individual over the age of eighteen and resident of California and employed by Defendant within the statute of limitations in this action.

7. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants MOHAMMAD MORTAZAVI AND PINNACLE GROUP CORP are engaged in the business of buying, remodeling and selling residential real estate in California, particularly in San Mateo County.

8. Plaintiff is informed and believes and therefore alleges that Defendant employed Plaintiff as a construction worker in a non-exempt capacity.

**GENERAL ALLEGATIONS**

9. Defendant employed Plaintiff at all relevant times within the statute of limitations for this action. Plaintiff worked as a construction worker who worked full time for Defendants for approximately eight (8) years.

10. Plaintiff EDWIN GARCIA was paid by the hour but was never properly paid overtime wages. If he ever worker more than 8-hours a day, he was not paid any extra money. When he worked Saturdays, which was frequent, he was paid his hourly rate at the non-overtime rate.

11. During Plaintiff's employment, and from 2012 through January 2016, Plaintiff would work 8 or more hours a day and at times six days a week. Plaintiff worked overtime hours during at least one pay period during the statute of limitations without being paid the overtime rate of pay.

12. Defendant MOHAMMAD MORTAZAVI AND PINNACLE GROUP CORP market themselves as specializing in constructing superbly built high-end luxury homes for the past 20 years. They also market the fact they employ expert craftsmen in construction.

13. MOHAMMAD MORTAZAVI AND PINNACLE GROUP CORP are unlicensed contractors as the term is used by the State of California Contractor's License Board ("CSLB"). MOHAMMAD MORTAZAVI held a CSLB B license from August 16, 1994 through August 31, 2006. Despite letting his license expire on August 31, 2006, MOHAMMAD MORTAZAVI kept hiring unlicensed contractors and individual workers on the homes and projects he acquired to reconstruct and sell.

14. At various times, MOHAMMAD MORTAZAVI AND PINNACLE GROUP CORP paid Plaintiff in cash at rates of $12.00 to $15.00 an hour. At other times, MOHAMMAD MORTAZAVI would write checks to Plaintiff for over $1,000.00, would have him cash the check, and return the money to MOHAMMAD MORTAZAVI. By way of example, if in a week Plaintiff worked 48 hours at $15.00 an hour, he was owed $720.00. MOHAMMAD MORTAZAVI would write him a check for $1,800.00, for him to cash. MOHAMMAD MORTAZAVI would then take $1,080.00 as a cash kickback and pay Plaintiff the $720.00 earned.

15. Despite employing Plaintiff for a nearly 8-year period, they never issued him wage statements. Defendants hired, set wages, directed the work of Plaintiff. They also employed and suffered and permitted Plaintiff to work for them.

16. Plaintiff was not provided accurate wage statements. When Plaintiff worked in excess of eight (8) hours per day, or forty (40) hours per week, Defendants would record and pay Plaintiff's overtime hours under Plaintiff's wife's name.

17. Said failure to pay at least overtime wages when due and owing was wilful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code § 203.

.

## COUNT ONE
## FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Properly Pay Overtime Wages and For All Hours Worked*

18. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

19. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

20. Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

21. Defendants routinely required and/or suffered or permitted Plaintiff to work more than 40 hours per week without paying all of his wages for such overtime work.

22. In failing to pay Plaintiff all overtime wages at one-and-one-half times his regular rate of pay, Defendants willfully violated the FLSA.

23. As a direct and proximate result of Defendants' failure to pay the Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

24. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages. Defendants are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

25. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

## COUNT TWO
## SUPPLEMENTAL STATE CLAIM
*Violation Of California Labor Code §§ 510, 1194, 1197, 1194.2, 1771, 1776*
*Failure To Pay Overtime Wages And For All Hours Worked*

26. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

27. At all times mentioned herein, Defendants were subject to the overtime wage laws of the State of California pursuant to California Labor Code § 510, regarding work undertaken for Defendants. Pursuant to California Labor Code § 510, Defendant had a duty to pay their employees, including Plaintiff, no less than the one and one-half times his contractually agreed upon regular rate of pay for all hours worked in excess of 8 hours a day and 40 hours a week. Under California Labor Code § 1194, Plaintiff is entitled to be paid overtime wages and has standing to sue for such violations.

28. Pursuant to California Labor Code § 1194, Plaintiff seeks as earned but unpaid overtime wages and wages for all hours worked, payment at one-and-a-half times the regular rate for hours worked in excess of 8 hours a day or 40 hours a week. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

29. As a result of Defendants' violations of statutory duties, as more fully set forth above, Plaintiff earned but was not paid wages in an amount above the jurisdictional limits of this court.

30. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

31. At all times mentioned herein, Defendant were subject to the minimum wage laws of the State of California pursuant to California Labor Code §§ 1194 and 1194.2. Pursuant to California Labor § 1194, Defendant had a duty to pay their employees, including Plaintiff, no less than the minimum wage for all hours worked. Under California Labor Code § 1194, Plaintiff is entitled to be paid minimum wages and has standing to sue for such violations.

32. Pursuant to California Labor Code §§ 1194 and 1194.2, Plaintiff seeks unpaid minimum wages and penalties for the failure to pay minimum wages.

33. Wherefore, Plaintiff is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

34. As a result of Defendants' violations of statutory duties, as more fully set forth above, Plaintiff's earned but were not paid wages in an amount above the jurisdictional limits of this court.

35. As a direct and proximate result of Defendants' conduct, Plaintiff is also entitled to attorney's fees under California Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**COUNT THREE**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code § 226*
*Failure To Provide An Itemized Wage Statement*

36. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

37. California Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, provide each employees with a written, itemized statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate.

38. The IWC Wage Orders also establish this requirement. (*See* 8 Cal. Code of Regs. § 11040(8).)

39. California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and is entitled to an award of costs and attorney's fees.

40. Defendants have failed and continue to fail to provide accurate, itemized wage statements to Plaintiff, in that the wage statements that Defendant provides to his employees, including Plaintiff's, do not accurately reflect the actual hours worked and the wages earned.

41. Defendants are liable to Plaintiff for the amounts described above, in addition to the civil penalties provided for in California Labor Code § 226.3.

42. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the Court.

## COUNT FOUR
## SUPPLEMENTAL STATE CLAIM

*Violation of California Labor Code § 203*
*Waiting Time Penalties*

43. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

44. California Labor Code § 201(a) requires an employer who discharges an employee to pay the employee immediately upon discharge.

45. California Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that the time at which the employee provided notice of his intention to quit or resign.

46. California Labor Code § 203 provides that if an employer wilfully fails to pay compensation promptly upon discharge or resignation, as required under California Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

47. Plaintiff is entitled to unpaid compensation for all hours worked at the legally mandated rates, but for which he has not yet been paid, including overtime wages.

48. Plaintiff has left the employ of Defendant, but has not yet been fully compensated for the hours that he worked.

49. Defendant have wilfully failed and refused to make timely payment of wages to Plaintiff.

50. As a direct and proximate result of Defendants alleged conduct, Defendants are liable to Plaintiff for up to thirty (30) days of waiting time penalties pursuant to California Labor Code § 203.

## COUNT SEVEN
## SUPPLEMENTAL STATE CLAIM

*Violation of California Business & Professions Code §§ 17200 et seq.*

*Restitution for Unfair Business Practices*

51. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

52. At all times relevant herein, Plaintiff's employment with Defendants was subject to the FLSA, California Labor Code, and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. Said laws also required payment for all hours worked.

53. At all times relevant herein, Defendants were subject to the California Unfair Trade Practice Act, Bus. & Prof. Code §§ 17000 *et seq*. Defendants failed to pay Plaintiff overtime rate for his overtime hours, as required by California law. Plaintiff and other members of the general public employed by Defendant were entitled to those wages, which Defendants kept to themselves.

54. In doing so, Defendants engaged in unfair competition by committing acts prohibited by the FLSA, California Labor Code, and applicable IWC Wage Orders. Such acts gave Defendants a competitive advantage over other employers who were in compliance with the law.

55. As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, Plaintiff's rights under the law were violated, and he suffered general damages in the form of unpaid wages in an amount to be proved at trial.

56. Defendants have been aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the FLSA, California Labor Code, and applicable IWC Wage Orders, but knowingly, wilfully, and intentionally failed to pay Plaintiff and other members of the general public employed by them overtime pay.

57. Plaintiff and other members of the general public employed by Defendants can and will comply with the requirements and standards to the extent required by law to prosecute this violation as a representative action under the Unfair Trade Practice Act.

58. Plaintiff and other members of the general public employed by Defendants have been illegally deprived of their overtime pay and herein seek restitution of those wages pursuant to California Business and Professions Code § 17203.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For an order awarding Plaintiff compensatory damages for all wages earned but not paid, and all overtime wages earned and not paid,

2. For liquidated damages per the FLSA equal to unpaid overtime wages under the First Count;

3. For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 201-204, 210, 211, 226(e), 226.3 and 226.7(b), together with interest on these amounts;

4. For earned but unpaid wages as equitable relief under the Unfair Competition Act over a 4-year statute of limitations;

5. For unpaid wages based on misclassification;

6. For unpaid compensable wages for off the clock work;

7. For pre-judgment interest of 10% on the unpaid wages and overtime compensation under California Labor Code §§ 1194(a);

8. For "waiting time" penalties under California Labor Code § 203;

9. For an award of reasonable attorneys' fees, as provided by 29 U.S.C. § 216(b) of the FLSA and California Labor Code §§ 218.5, 226(e), and 1194, and/or other applicable law;

10. For an extension of the Statute of limitations under the FLSA to three years for willful violations;

11. An extension of the statute of limitations under Business and Professions Code §17200;

12. For equitable and injunctive relief under Business and Professions Code

13. For costs of suit herein;

14. For such other and further relief as the Court may deem appropriate.

Dated: October 12, 2016

                                        *//s// Tomas E. Margain*
                                        Tomas E. Margain
                                        Huy Tran
                                        JUSTICE AT WORK LAW GROUP
                                        Attorneys for Plaintiff